UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HOMER E. HOSKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-0268-JMS-DML |
| ) | |
| SUNDRA HOSKINS, ) | |
| IREN HOSKINS, ) | |
| Defendants ) | |

**Entry Denying Motion to Proceed *In Forma Pauperis*, Dismissing Complaint, and Directing Further Proceedings**

### I. Motion to proceed *in forma pauperis*

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **denied without prejudice** because although it is difficult to read, it appears that the plaintiff's household has income of $2,500.00 each month and expenses of $375.00. The plaintiff shall have **through March 13, 2015,** in which to either a) **renew and supplement** his motion to proceed *in forma pauperis* by clarifying his financial circumstances, or b) **pay** the $400.00 filing fee to the clerk of the court.

The plaintiff's blank motion [dkt. 3] is **denied** because it seeks no ruling from the Court.

### II. Screening

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute requires the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

The plaintiff alleges that on or about June 6, 2003, "Sundra Hoskins" was his payee and she took $6,000 from him and bought furniture for her and "Iren's" apartment. Later, Iren took the

furniture and moved to Greenwood, Indiana. He seeks 3 million dollars in damages from each defendant and he wants Sundra arrested for theft.

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). "Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." *Smart v. Local 702 Intern. Broth. Of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009) (citing 28 U.S.C. '' 1331-32). The complaint does not set forth any basis for this Court's jurisdiction, nor is there any discernible federal jurisdiction for the plaintiff's claim. At most the complaint alleges a state tort claim, which should be brought in a state court. There is no state actor and the complaint fails to state any constitutional civil rights claim. In addition, it appears that any applicable statute of limitations has already expired. Moreover, any criminal charges would have to be initiated at the prosecutor's office.

The plaintiff shall have **through March 13, 2015,** in which to **show cause** why this action should not be dismissed. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If he fails to do so, the action will be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date: February 23, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Homer E. Hoskins, 1115 S. Illinois Street, Indianapolis, IN 46225